Dear Mr. Perrilloux:
You sent this office a copy of a cooperative endeavor agreement by and between the Village of Albany (the "village") and Billy Ray Bankston and Connie Hoover Bankston (the "developers"), with a request that we review it and provide an opinion as to whether Albany's actions with regard to the agreement may be unconstitutional as an illegal donation or use of public funds.
Article VII, Section 14(A) the Louisiana Constitution provides:
 (A.) Prohibited Uses. Except as other wise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
Cooperative endeavor agreements between political subdivisions and private persons are permitted by Article VII, Section 14(C) of the Louisiana Constitution, which provides:
 (C). Cooperative Endeavors. For a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
The mayor of the village has informed us that the village owns a sewer and water system, which needs additional customers to reduce or eliminate its current operating deficit. The agreement between the village and the developers provides for the village to pay the lesser of $80,000 or the actual costs of construction of sewer and water system lines and a lift station along a street in a subdivision located within the village limits. Any costs of construction in excess of $80,000 will be paid by the developers. The developers will also construct and pay for an identical project along another street in the subdivision and will "stub-out" connections for 42 potential sewer and water customers in the subdivision. Within 36 months of completion of the village's portion of the construction project, the developers are obligated to pay the village any remaining balance of the construction costs, less the cost of the lift station and providing the developers a credit for any tie-in connection fees and net water and sewer revenues from customers in the subdivision. We do not find that the agreement contemplates any donation or improper use of public funds.
Municipal acquisition, construction, extension and improvement of water supply and sewerage systems in the interest of the public as permitted by La. R.S. 33:4162 serves a public purpose as contemplated by Article VII, Section 14(C) of the Louisiana Constitution. Therefore, this office is of the opinion that the cooperative endeavor between the village and the developers does not involve an improper use of public funds. The cooperative endeavor agreement does not provide for the donation of any funds, credit, property or things of value of the village, so it is our opinion that there is no violation of Article VII, Section 14(A).
We trust this opinion satisfactorily responds to your request.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra